IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| JEFFREY LUSTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:15cv1622 (CMH/JFA) |
| | ) | |
| JONATHAN D. LOWERY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**PROPOSED FINDINGS OF FACT AND RECOMMENDATIONS**

This matter is before the court on defendant Jonathan D. Lowery's ("Lowery" or "defendant") Motion to Dismiss (Docket no. 45). Pursuant to 28 U.S.C. § 636(b)(1)(C), the undersigned magistrate judge is filing with the court his proposed findings of fact and recommendations, a copy of which will be provided to all interested parties.

**Procedural Background**

Plaintiff filed the complaint in this action on December 8, 2015. (Docket no. 1) ("Compl."). The complaint named Lowery, Universal Protection Service GP. Inc., Universal Protection Service LLC, Taubman Centers Inc., Taubman Company LLC, and LT Fair Oaks LLC (collectively the "defendants") as defendants in this matter. (Compl. at 1–2). On February 10, 2016, plaintiff's then-counsel Jonathan A. Halperin and Andrew Lucchetti ("plaintiff's previous counsel") file a Motion to Withdraw as Counsel and for Extension of Time to Serve the Summons. (Docket no. 2). On March 2, 2016, the District Judge granted plaintiff's previous counsel's motion and ordered that the now *pro se* plaintiff had thirty days to effect service of process on the defendants. (Docket no. 5). Thereafter, Lowery, Universal Protection Service

GP. Inc., Taubman Company LLC, and LT Fair Oaks LLC were timely served with a copy of the complaint and summonses in this action. (Docket no. 6).

On March 17, 2016, Taubman Company LLC, Universal Protection Service GP. Inc., and Universal Protection Service LLC filed motions to dismiss. (Docket nos. 10, 13, 15). On April 8, 2016, the District Judge entered an order that dismissed defendant Universal Protection Service GP. Inc. from this action and also dismissed all claims against defendants Universal Protection Service LLC, Taubman Centers, Inc., Taubman Company LLC, and LT Fair Oaks LLC. (Docket no. 26). The District Judge's Order gave plaintiff fourteen days to amend Counts 3, 4, and 5 against Universal Protection Service LLC, Taubman Centers, Inc., Taubman Company LLC, and LT Fair Oaks LLC. (*Id.*).

On April 20, 2016, the *pro se* plaintiff, Lowery's counsel, and counsel for Taubman Company LLC, appeared before the undersigned for an initial pretrial conference. (Docket no. 28). Also on that date, the undersigned entered a Rule 16(b) Scheduling Order that, *inter alia*, directed that all discovery in this matter shall be concluded by August 12, 2016 and all Fed. R. Civ. P. 26(a)(1) disclosures shall be completed by May 6, 2016. (Docket no. 29). On April 22, 2016, upon receiving a letter from the *pro se* plaintiff requesting additional time to file an amended complaint (Docket no. 30), the undersigned extended the time period for plaintiff to file an amended complaint in this action to May 2, 2016. (Docket no. 31).

Plaintiff failed to file an amended complaint in this action. On May 12, 2016, Universal Protection Service LLC filed a Motion for Involuntary Dismissal. (Docket no. 32). On May 20, 2016, Taubman Company LLC filed a Rule 41(b) Motion for Involuntary Dismissal. (Docket no. 35). On June 3, 2016, having found that plaintiff's claims against Universal Protection Service LLC were dismissed by the Court on April 8, 2016, that plaintiff was granted fourteen

2

days to amend his complaint, that additional time was extended on plaintiff's motion, and that no amended complaint was filed, the District Judge granted Universal Protection Service LLC's Motion for Involuntary Dismissal and dismissed this case as to Universal Protection Service LLC. (Docket no. 41). On June 17, 2016, having made the same findings as in the June 3, 2016 order, the District Judge granted Taubman Company LLC's Motion for Involuntary Dismissal and dismissed this case as to Taubman Company LLC. (Docket no. 44). As such, Lowery is the only remaining defendant in this matter.

On June 3, 2016, Lowery filed a Motion to Compel (Docket no. 38), a memorandum in support (Docket no. 39), and a notice setting a hearing on the motion for June 10, 2016 (Docket no. 40). On that same date, it appearing that the *pro se* plaintiff was incarcerated at the Fairfax County Adult Detention Center in Fairfax, Virginia, the undersigned entered an order that required any opposition to defendant's Motion to Compel be filed no later than 5:00 p.m. on Tuesday, June 14, 2016 and indicated that defendant's Motion to Compel would thereafter be decided by the undersigned on the papers. (Docket no. 42). Plaintiff did not file an opposition or response to Lowery's motion to compel. Accordingly, having found that plaintiff had failed to object or respond to defendant's First Set of Interrogatories (Docket no. 39-1 at 1–11) and First Requests for Production of Documents (Docket no. 39-1 at 12–20) (collectively "defendant's discovery requests") and also failed to serve initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1), on June 17, 2016, the undersigned granted Lowery's motion to compel. (Docket no. 43). The undersigned ordered plaintiff to provide his initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) and full and complete responses to defendant's discovery requests on or before June 28, 2016. (*Id.*).

On July 1, 2016, Lowery filed the instant motion to dismiss, an exhibit of Local Civil Rule 7 in support of the motion (Docket no. 45-1), a memorandum in support (Docket no. 46), and a notice setting a hearing on the motion for July 29, 2016 (Docket no. 47). Defendant has not filed a response or opposition to Lowery's motion to dismiss. The instant motion was referred to the undersigned magistrate judge. On July 29, 2016, counsel for defendant Lowery appeared before the undersigned and no one appeared on behalf of the *pro se* plaintiff.

## Proposed Findings and Recommendations

Lowery's motion to dismiss argues that plaintiff's complaint against him should be dismissed with prejudice for two principal reasons.

First, Lowery argues that dismissal pursuant to Rule 37(b) of the Federal Rules of Civil Procedure is warranted because the *pro se* plaintiff has failed to provide any initial disclosures in this matter and has failed to object or respond to any of Lowery's discovery requests. (Docket no. 46 at 3–5). Accordingly, Lowery argues that the *pro se* plaintiff has failed to comply with the court's Rule 16(b) Scheduling Order, which directed that all initial disclosures were to be completed by May 6, 2016 (Docket no. 29) and court's June 17, 2016 order granting Lowery's motion to compel, in which the court ordered that the *pro se* plaintiff shall provide his initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) and full and complete responses to defendant's discovery requests on or before June 28, 2016 (Docket no. 43). (Docket no. 46 at 4–5).

Second, Lowery argues that involuntary dismissal under Rule 41(b) of the Federal Rules of Civil Procedure is warranted because the *pro se* plaintiff has failed to prosecute his claims against Lowery. (Docket no. 46 at 5–6). Here, Lowery argues that dismissal is appropriate because the *pro se* plaintiff has failed to provide his initial disclosures, failed to respond to

4

Lowery's discovery requests, and accordingly, has failed to comply with the court's discovery orders. (Docket no. 46 at 6). Additionally, Lowery represents that his counsel has made numerous attempts to contact the *pro se* plaintiff regarding this matter, but the *pro se* plaintiff has not contacted Lowery's counsel or responded in any way. (*Id.*).

Rule 41(b) of the Federal Rules of Civil Procedure provides that a defendant may move to dismiss a claim against it if the plaintiff fails to prosecute the claim. The Fourth Circuit requires a trial court to considering the following "four factors before dismissing a case for failure to prosecute: (1) the plaintiff's degree of personal responsibility; (2) the amount of prejudice caused the defendant; (3) the presence of a drawn out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal." *Hillig v. Commissioner*, 916 F.2d 171, 174 (4th Cir. 1990).

First, the undersigned finds that the *pro se* plaintiff's degree of personal responsibility for his failure to prosecute this matter is high. Indeed, since March 2, 2016, plaintiff has been representing himself in this matter, so there is no concern that another party, such as an attorney representing plaintiff, bears responsibility in this matter. Second, the prejudice caused by the *pro se* plaintiff's failure to serve his initial disclosures and any discovery responses is significant. Discovery in this matter is set to close on August 12, 2016, and to this point, the *pro se* plaintiff has failed to provide defendant Lowery with any discovery. The third factor also weighs in favor of an involuntary dismissal for failure to prosecute, as Lowery's counsel represents that the *pro se* plaintiff has not made any contact with Lowery's counsel since the initial pretrial conference in this matter on April 20, 2016. (Docket no. 46 at 6). Additionally, the *pro se* plaintiff has failed to file any pleadings in this matter since his letter to the court on April 21, 2016, including any response or opposition to the previous motions to dismiss, Lowery's motion to compel, and

the instant motion to dismiss. Finally, considering the *pro se* plaintiff's failure to provide his initial disclosures and discovery responses as ordered by the court in its June 17, 2016 order, the potential effectiveness of sanctions less dramatic than dismissal appears to be quite small.

Based on the foregoing analysis, the undersigned recommends a finding that the *pro se* plaintiff has failed to prosecute this matter against defendant Lowery, and accordingly, involuntary dismissal under Federal Rule of Civil Procedure 41(b) is warranted.[1]

## Conclusion

For these reasons, the undersigned magistrate judge recommends that defendant Jonathan D. Lowery's Motion to Dismiss (Docket no. 45) be granted and this case be dismissed as to the remaining defendant Jonathan D. Lowery pursuant to Federal Rule of Civil Procedure 41(b).

## Notice

By means of the court's electronic filing system and by mailing a copy of this proposed findings of fact and recommendations to Jeffrey Luster, 10123 Ratcliffe Manor Drive, Fairfax, VA 22030 and Jeffrey Luster, c/o Fairfax County Adult Detention Center, 10520 Judicial Drive, Fairfax, VA 22030, the parties are notified that objections to this proposed findings of fact and recommendations must be filed within fourteen (14) days of service of this proposed findings of fact and recommendations and a failure to file timely objections waives appellate review of the substance of the proposed findings of fact and recommendations and waives appellate review of any judgment or decision based on this proposed findings of fact and recommendations.

ENTERED this 29th day of July, 2016.

/s/
John F. Anderson
~~United States Magistrate Judge~~
John F. Anderson
United States Magistrate Judge

Alexandria, Virginia

---

[1] Because the undersigned finds involuntary dismissal warranted under Rule 41(b) for failure to prosecute, the undersigned does not reach defendant's alternative argument for dismissal pursuant to Rule 37(b).